IN THE CIRCUIT COURT OF MARION COUNTY, MISSOURI

| | |
|---|---|
| ARLA CRANE, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) |
| ARCHER-DANIELS-MIDLAND | )   Case No. |
| COMPANY, | ) |
| An Illinois corporation, | ) |
| [Serve at: | ) |
|     CT Corporation System | ) |
|     120 South Central Ave. | ) |
|     Clayton, MO 63105], | ) |
| | ) |
|     Defendant. | ) |

## PETITION

COMES NOW Plaintiff Arla Crane, by and through the undersigned attorneys of record, and for her Petition, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Arla Crane ("Plaintiff") is an individual residing in Palmyra, Marion County, Missouri.

2. Defendant Archer-Daniels-Midland Company ("ADM") is an Illinois corporation, with its principal place of business located at 4666 E. Faries Pkwy, Decatur, IL 62526 and which may be served through its registered agent, CT Corporation System, at 120 South Central Ave., Clayton MO 63105.

3. Pursuant to RSMo. § 508.010, jurisdiction and venue are proper in this Court in that the Petition alleges tortious conduct by Defendant which first resulted in injury to Plaintiff in Marion County, Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

4. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 3 of this Petition, as if fully set forth herein.

5. ADM is a nutrition company that specializes in formulating animal nutrition products such as feed and supplements, and marketing those products to consumers.

6. Plaintiff is a rabbit farmer in Marion County and at all times relevant to this action, raised over one hundred (100) adult breeding rabbits for the purpose of breeding and selling their progeny as show rabbits.

7. From November 2022 to February 2023, Plaintiff purchased formulated rabbit feed named "Pen Pals Professional Rabbit 18" (the "Feed") from the ADM location in Quincy, Illinois for the purpose of feeding to Plaintiff's rabbit population.

8. Upon information and belief, the ADM location in Quincy, Illinois manufactured the Feed which was marketed and sold to Plaintiff.

9. Plaintiff fed the Feed, purchased from ADM, directly to Plaintiff's rabbit population.

10. Shortly after feeding the Feed to Plaintiff's rabbits, the rabbits became averse to eating and lost weight.

11. After observing these symptoms, Plaintiff sent a feed sample to the University of Missouri, Veterinary Medical Diagnostic Laboratory to be tested.

12. The University of Missouri determined that the sample of feed contained vomitoxin in an amount great enough to be toxic to the Rabbits and ultimately cause the death of the Rabbits.

13. As a result of feeding the toxic Feed to the rabbits, Plaintiff observed the deaths of her entire breeding rabbit population, causing Plaintiff to also incur the loss of future progeny of the breeding stock.

14. As a result of feeding the Feed to the rabbits, Plaintiff has realized damages in an amount not less than One Hundred Thirty-seven Thousand, Eight Hundred Seventy-six and 00/100 Dollars ($137,876.00).

### COUNT I - BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

15. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 14 above, as if fully restated herein.

16. Pursuant to RSMo. § 400.2-105, "'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (article 8) and things in action."

17. RSMo. § 400.2-315 states, "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods there is . . . an implied warranty that the goods shall be fit for such purpose."

18. The Feed purchased by Plaintiff from ADM is a good as defined under RSMo. § 400.2-105.

19. ADM manufactured the Feed for the particular purpose of offering the formulation for the diets of rabbits.

20. ADM marketed and sold the Feed to Plaintiff as a feedstuff formulated as a balanced nutritional product to be offered specifically to rabbits.

Electronically Filed - MARION PALMYRA - November 13, 2023 - 02:48 PM

21. After testing, it was determined that the Feed sold to Plaintiff contained a high level of vomitoxin which is toxic to rabbits.

22. Accordingly, Defendant breached the implied warranty of fitness of the Feed for the particular purpose of providing a safe and nutritious feedstuff intended to be fed to rabbits.

23. As a result of feeding the Feed to the rabbits, Plaintiff observed the deaths of her entire breeding rabbit population, causing Plaintiff to also incur the loss of future progeny of the breeding stock.

24. As a result of feeding the Feed to the rabbits, Plaintiff has realized damages in an amount not less than One Hundred Thirty-seven Thousand, Eight Hundred Seventy-six and 00/100 Dollars ($137,876.00).

WHEREFORE, Plaintiff Arla Crane prays that the Court enter Judgment on Count I in favor of Plaintiff and against Defendant in the amount of at least One Hundred Thirty-seven Thousand, Eight Hundred Seventy-six and 00/100 Dollars ($137,876.00), for prejudgment and post judgment interest at the highest legal rate, for costs incurred by Plaintiff, and for such other and further relief as the Court deems necessary and proper.

### COUNT II – NEGLIGENCE

25. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 24 above, as if fully restated herein.

26. ADM owed a duty to Plaintiff to provide a product suited for Plaintiff's rabbits that provided a safe and nutritious feedstuff.

27. ADM breached that duty to Plaintiff in that ADM sold Feed which contained a high level of vomitoxin which is toxic to rabbits.

28. As a direct and proximate result of ADM's breach, Plaintiff's rabbit population was killed and has also caused Plaintiff to lose future progeny.

29. Defendant caused Plaintiff damage in an amount greater than Twenty Five Thousand and 00/100 Dollars ($25,000.00).

WHEREFORE, Plaintiff Arla Crane prays that the Court enter Judgment on Count II in favor of Plaintiff and against, for prejudgment and post judgment interest at the highest legal rate, for costs incurred by Plaintiff, and for such other and further relief as the Court deems necessary and proper.

### COUNT III – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

30. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 29 above, as if fully restated herein.

31. The Missouri Merchandising Practices Act (the "MMPA") prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . .." RSMo. § 407.020.

32. ADM misrepresented and made false promises with respect to the Feed sold to Plaintiff in that the Feed was marketed and sold to Plaintiff as suitable for rabbits.

33. However, those representations made by ADM were false in that the Feed sold to Plaintiff contained a high level of vomitoxin which is toxic to rabbits.

34. The Feed constitutes "merchandise" in trade and commerce under the MMPA.

35. ADM violated the MMPA by making false promises and misrepresentations with respect to the marketing of the Feed as suitable for rabbits.

Electronically Filed - MARION PALMYRA - November 13, 2023 - 02:48 PM

36. Plaintiff purchased the Feed for her personal, family and household purposes.

37. As a result of ADM's violation of the MMPA, Plaintiff has incurred actual damages in that Plaintiff's rabbits were killed after ingesting the Feed sold by ADM.

38. Plaintiff has incurred actual damages in the amount not less than One Hundred Thirty-seven Thousand, Eight Hundred Seventy-six and 00/100 Dollars ($137,876.00).

39. Under the MMPA, Plaintiff is entitled to actual damages and attorneys' fees pursuant to RSMo. § 407.025.

WHEREFORE, Plaintiff Arla Crane prays that the Court enter Judgment on Count III in favor of Plaintiff and against Defendant in the amount of at least One Hundred Thirty-seven Thousand, Eight Hundred Seventy-six and 00/100 Dollars ($137,876.00), for prejudgment and post judgment interest at the highest legal rate, for costs incurred by Plaintiff, and for such other and further relief as the Court deems necessary and proper.

Respectfully submitted:

By: /s/ *Brent E. Haden*
Brent E Haden, Mo. Bar No. 54148
Kayden K. Guymon, Mo. Bar No. 71908
HADEN & COLBERT, LLC
827 E. Broadway
Columbia, MO 65201
Phone: (573) 442-3535
e-mail: brent@showmelaw.com
e-mail: kayden@showmelaw.com
*Attorneys for Plaintiff*