UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ARLA CRANE, | ) |
|     Plaintiff, | ) |
| v. | ) No. 2:24-CV-3 RLW |
| ARCHER DANIELS MIDLAND COMPANY, | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Archer Daniels Midland Company's Motion to Dismiss Plaintiff's Petition Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (ECF No. 14). The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant Defendant's Motion with leave to amend.

**Background**

On November 13, 2023, Plaintiff Arla Crane filed suit against Defendant in the Circuit Court of Marion County, Missouri, alleging tortious conduct by Defendant in the manufacturing of rabbit feed. Plaintiff asserts breach of implied warranty of fitness for a particular purpose (Count I), negligence (Count II), and violation of the Missouri Merchandising Practices Act (Count III). (Complaint, ECF No. 1, Ex. A). On January 3, 2024, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (ECF No. 1). Defendant's Amended Notice of Removal establishes that Defendant is a Delaware corporation with its principal place of business in Illinois, and that Plaintiff is a resident and citizen of the State of Missouri. (ECF No. 17).

As relevant, Plaintiff's Complaint alleges the following. Plaintiff is a breeder of show rabbits in Palmyra, Missouri. (Compl., ¶¶ 1, 6). At all times relevant to this action, Plaintiff "raised over one hundred … adult breeding rabbits for the purpose of breeding and selling their progeny as show rabbits." (*Id.* at ¶ 6). Defendant "is a nutrition company that specializes in formulating animal nutrition products, including feed and supplements, which it markets to consumers." (*Id.* at ¶ 5). Defendant maintains a registered agent in Missouri. (*Id.* at ¶ 2). From November 2022 to February 2023, Defendant manufactured, marketed, and sold formulated rabbit feed to Plaintiff. Plaintiff purchased the feed from Defendant's store location in Quincy, Illinois, which she then fed to her rabbits. "Upon information and belief, [Defendant's] location in Quincy, Illinois manufactured the Feed which was marketed and sold to Plaintiff." (*Id.* at ¶¶ 7-9). Upon consuming the feed, the rabbits "became averse to eating and lost weight." (*Id.* at ¶ 10). Plaintiff sent a sample of the feed to a veterinary laboratory to be tested. The laboratory determined that the sample contained vomitoxin in an amount great enough to be toxic to the rabbits. (*Id.* at ¶¶ 11-12). As a result of consuming the toxic feed, Plaintiff's entire breeding rabbit population died, causing Plaintiff to sustain monetary damages. (*Id.* at ¶¶ 13-14).

Defendant now moves for dismissal of the Complaint for lack of personal jurisdiction, and for failure to state a claim as to Counts I and II. (ECF No. 14). The Court finds that it need only address Defendant's personal jurisdiction argument at this time.

**Legal Standard**

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support 'a reasonable inference that the defendant[]

can be subjected to jurisdiction within the state.'"  *Valez v. Portfolio Recovery Assocs.*, 881 F. Supp. 3d 1075, 1080 (E.D. Mo. 2012) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotations and citations omitted)).  Although the evidentiary showing required at the prima facie stage is minimal, the "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits" supporting or opposing the motion."  *K-V Pharm.*, 648 F.3d at 592 (internal quotation and citation omitted).  "When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists."  *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citations omitted).

"Personal jurisdiction can be specific or general."  *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011).  Under the theory of general jurisdiction, also known as all-purpose jurisdiction, "a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum."  *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)).  However, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  For a corporation, the inquiry is whether the forum is one in which the corporation "is fairly regarded as at home."  *Id.* (internal quotation and citation omitted).  A corporation that simply operates or does business in many places cannot be deemed at home in all those places for purposes of general jurisdiction.  *Id.* at 139, n.20.

Specific jurisdiction, on the other hand, requires the suit to arise out of or relate to the defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 582 U.S 255, 262 (2017) (citing *Daimler*, 571 U.S. at 127). "'Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment.'" *Fastpath*, 760 F.3d at 820 (quoting *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012)). "Missouri has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution." *Helenthal v. Polk*, No. 4:08-CV-1791 CEJ, 2010 WL 546313, at *1 (E.D. Mo. Feb. 9, 2010) (citations omitted). "Due process requires that there be minimum contacts between the nonresident defendant and the forum state such that the assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "'Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there.'" *Id.* (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)). To support a finding of reasonable anticipation, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Bell Paper Box*, 22 F.3d at 818-19).

## Discussion

Defendant asserts that Plaintiff cannot establish general or specific personal jurisdiction. Defendant argues that it cannot be said to be "at home" in Missouri for purposes of general

jurisdiction, and that Plaintiff has failed to plead as much.  As to specific jurisdiction, Defendant argues Plaintiff has not sufficiently alleged that this action arises out of or relates to any of Defendant's contacts with Missouri.  (ECF No. 14).

Plaintiff argues that Defendant has sufficient minimum contacts with Missouri, and that it is subject to Missouri's long-arm statute because it transacts business within the State, it has committed a tortious act against Plaintiff within the State, and it owns, uses, or possesses Missouri real estate.  For support, Plaintiff references Defendant's multiple business locations in Missouri which sell, distribute, and process animal feed.  Plaintiff also references promotional products she received from Defendant at her home which marketed the feed Defendant sold in its retail locations in Missouri, along with Defendant's sponsorship of local rabbit shows within the State.  Plaintiff further contends that it was foreseeable to Defendant that its negligent actions could result in injury in Missouri.  Finally, Plaintiff seeks leave to amend her Petition in the event the Court determines she has pled insufficient facts to support her claims.  (ECF No. 20).

As an initial matter, the Court notes that Plaintiff's substantive arguments regarding Defendant's business operations and contacts in Missouri in her opposition to Defendant's motion are not verified or accompanied by affidavits or exhibits, and they go beyond the scope of her pleadings.  These substantive arguments are thus merely arguments of counsel, not evidence.  *See K-V Pharm.*, 648 F.3d at 592 (Court considers pleadings, as well as affidavits and exhibits supporting or opposing motion to dismiss for lack of personal jurisdiction).  The Court must therefore rely on Plaintiff's Complaint allegations in determining whether personal jurisdiction exists.

With respect to general jurisdiction, there are no allegations in Plaintiff's Complaint that would permit the Court to find Defendant is subject personal jurisdiction in Missouri.

Defendant is a Delaware corporation headquartered in Illinois, where it maintains its principal place of business. Based on the pleadings before the it, the Court agrees with Defendant that it cannot be said to be "at home" in Missouri for general jurisdiction purposes. *See Daimler*, 571 U.S. at 137 ("only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there"). Finding there is no general jurisdiction over Defendant in Missouri, the Court will now turn to whether there is specific jurisdiction.

In *Bristol-Meyers*, the Supreme Court held that due process does not permit the exercise of specific personal jurisdiction over nonresident consumers' products liability claims against a nonresident defendant where there is no connection to the forum state. *Bristol-Myers*, 582 U.S. at 263-65. Under *Bristol-Myers*, the Court should exercise jurisdiction only if there is "a connection between the forum and the specific claims at issue." *Id.* at 265. To exercise personal jurisdiction over Defendant, each of the claims "must arise out of or relate to the defendant's contacts with the forum," and there must be an "activity or an occurrence that takes place in the forum State." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359-60 (2021) (quoting *Bristol-Meyers*, 582 U.S. at 262). In other words, specific jurisdiction "must rest on the litigation-specific conduct of the defendant in the proposed forum state." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801-02 (7th Cir. 2014) (emphasis omitted).

Here, Plaintiff's Complaint alleges that Defendant manufactured rabbit feed in Quincy, Illinois, that she purchased rabbit feed in Quincy, Illinois, and that she then fed the feed to her rabbits in Palmyra, Missouri. Plaintiff's Complaint also generally alleges that Defendant manufactured, marketed, and sold the feed to her. However, Plaintiff does not specify how, where, or by what means Defendant marketed the feed to her. Based on the Complaint

allegations before it, the Court cannot determine that Plaintiff's claims arise out of or relate to Defendant's contacts with the forum state.  *See Bristol-Myers*, 582 U.S. 255 at 262, 264 (for specific jurisdiction, defendant's general connections with forum are not enough); *see also Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 953-54 (8th Cir. 2022) (single sale of product in Missouri did not constitute adequate basis for asserting jurisdiction over out-of-state defendant, where plaintiff had not alleged defendant took purposeful, targeted action (i.e, offering for sale and selling of goods) toward Missouri or Missouri consumers).  The fact that Plaintiff experienced injury in Missouri, without further detail regarding how Defendant took purposeful, targeted action towards Missouri or Missouri consumers, is insufficient to confer specific jurisdiction.  *See Brothers and Sisters in Christ*, 42 F.4th at 954 (mere injury to forum resident is not sufficient connection to forum for purposes of specific jurisdiction).

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Defendant in this matter.  The Court recognizes, however, Plaintiff's substantive arguments in her opposition to Defendant's motion to dismiss regarding Defendant's marketing and business operations in Missouri in connection with the rabbit feed, and regarding the foreseeability to Defendant that its negligent actions could result in injury in Missouri.  The Court will therefore grant Plaintiff leave to amend her pleadings to include sufficient allegations of personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Archer Daniels Midland Company's Motion to Dismiss Plaintiff's Petition Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (ECF No. 14) is **GRANTED with leave to amend.**

**IT IS FURTHER ORDERED** that Plaintiff may, no later than **March 25, 2024**, file an amended complaint. Defendant's responsive pleading is due within twenty-one (21) days of the filing date of Plaintiff's amended complaint. Failure to amend the complaint shall result in dismissal of Plaintiff's claims, without prejudice.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of February, 2024.